WESTERN BROKERAGE & SUPPLY COMPANY ET AL. V. RECLAMATION COMPANY.

No. 6497. Decided April 29, 1936.
Rehearing overruled May 27, 1936.
(93 S. W., 2d Series, 393.)

*Scott W. Key* and *Funderburk & Richardson,* all of Eastland, for plaintiff in error.

Evidence of the dissolution of a partnership and the retirement of two of the partners; the delivery of all assets of the firm to the continuing partner who assumes payment

of all the debts of the firm; the communication of this fact to a creditor holding an open account; the agreement of such creditor to look only to the continuing partner for the payment of the debt against the firm and his taking notes executed by the continuing partner only, at an increase in the rate of interest, is sufficient evidence to authorize the trial court to submit, upon a plea of novation, an issue to the jury for the purpose of determining whether or not such notes were accepted and intended as a substitute obligation for that of the open account against the firm. Regester v. Dodge, 6 Fed., 9; Jones v. Austin, 59 N. E., 1083; Union Central Life Ins. Co. v. Hoyer, 61 N. E., 433; Hard v. Burton, 20 Atl., 271, 29 Cyc., 1132.

*Thompson & Barwise*, of Fort Worth, *Turner, Seaberry & Springer*, of Eastland, for defendant in error.

A debt is not extinguished by novation if the novation is conditional and the conditions or representations are not complied with, such as the agreement to surrender all the assets and then withdrawing from the firm a large portion of same. Rushing v. Citizens Natl. Bank, 162 S. W., 460; Street v. Smith, 255 S. W., 778; 29 Cyc., 1138; Scott v. Atchison, 38 Texas, 385.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Defendant in error sued plaintiffs in error Hoffman and Page for $1860.21, representing a balance due for pipe sold by defendant in error to Western Brokerage & Supply Company, a partnership composed of plaintiffs in error and one Simmons, prior to the time when plaintiffs in error withdrew from the company. The principal defense made was that when the partnership was dissolved it was agreed that Simmons should retain all of the company assets and assume all of the debts; that defendant in error with full knowledge of such facts agreed that it would look only to Simmons for its debt and accepted, in lieu of the obligation of plaintiffs in error and Simmons on the account, notes executed by Simmons extending the time for the payment of the debt, increasing the rate of interest and providing for attorney's fees; and that the notes so accepted constituted payment and a novation of the pre-existing debt. The jury found that defendant in error by the acceptance of the notes intended to substitute the obligation evidenced by the notes for that of the account against the company. Judgment was rendered that

defendant in error take nothing. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment for defendant in error, holding that the evidence presented no issue of novation for the jury's determination, and further holding that neither the defense of novation nor that of estoppel, also alleged, was available to plaintiffs in error, because of representations made by them that all firm assets had been turned over to Simmons and of their action in withdrawing part of such assets. 57 S. W. (2d) 274. On a former appeal from a judgment for plaintiffs in error the Court of Civil Appeals reversed the trial court's judgment and remanded the cause, after finding that the evidence was insufficient to support the defense of novation. 293 S. W., 194. The facts are detailed in the two opinions of the Court of Civil Appeals.

■ Writ of error was granted on an assignment that the Court of Civil Appeals erred in holding that there was no evidence to support the defense of novation. After a careful reading of the statement of facts we have reached the conclusion that the facts and circumstances in evidence do not raise an issue for the jury's determination, even if it is conceded that the defendant in error agreed to look only to Simmons for the debt and intended to accept the notes executed by him in extinguishment of the account. This conclusion is reached because the undisputed evidence shows that such agreement and such acceptance of the notes were induced by, and would not have been made but for, representations made by plaintiffs in error that they were leaving all of the assets of the company with Simmons, who had assumed all the company's debts. Thus the representation and promise, that all of the assets of the company had been turned over to Simmons and would be left with him, became a part of the agreement relied upon as amounting to a novation. The only qualification to this representation and agreement of plaintiffs in error was that they would probably have to take material belonging to the company for debts amounting to $5260.31 owed them by the company. Plaintiffs in error did, as the jury found, take from the assets of the company, in payment of what the company owed them, merchandise and material of the total value of $5900.00. But they also required Simmons to surrender and assign to them interests in a royalty, known as the Cook royalty, and in other mineral property constituting part of the company's assets. The jury found that the reasonable value of the royalty interest surrendered to plain-

tiffs in error was $2000.00 and that the other mineral interests had no value. There is convincing evidence in the record that some of such other interests were of value, but even if they were not, it clearly appears that plaintiffs in error withdrew from the company's assets material of sufficient value to pay what the company owed them and in addition thereto a royalty interest worth more than enough to pay the debt due defendant in error.

■ "A novation is a new contract creating new contractual relations and is subject to the same requisites as to validity as other contracts, such as legal subject matter, competent parties, a mutual agreement or meeting of minds, and a sufficient consideration." 46 C. J. p. 579, Sec. 12. See also: Continental Gin Company v. Gardner, 248 S. W., 92; 31 Texas Jur., p. 383-384, Sec. 1, p. 386, Sec. 4. Assuming that defendant in error accepted the notes in settlement and release of the account, the contract relied upon by plaintiffs in error as constituting a novation was that they should turn over to Simmons all the assets of the company except enough of the material to pay the company's indebtedness to them, that Simmons should assume payment of all debts, including that owed to defendant in error, and that in consideration of such acts and agreements defendant in error should release plaintiffs in error from liability on the account. Plaintiffs in error breached the agreement when they took from Simmons a part of the company's assets of substantial value in addition to the material taken to pay the company's indebtedness to them. Under settled rules of contract law they cannot, after having breached the contract, compel defendant in error to perform it by invoking it in defense of the suit.

■ The contract of novation may also be viewed as a conditional contract, that is, conditioned upon the surrender to Simmons of all the company assets. Before the notes of Simmons were executed and accepted, plaintiffs in error advised defendant in error that all of the assets had been delivered over to Simmons and that he had agreed to pay all of the company's debts. Thereafter defendant in error accepted the notes without knowing that plaintiffs in error had claimed and withdrawn part of the Cook royalty and other mineral interests belonging to the company. The Court of Civil Appeals found (and the finding is supported by uncontroverted evidence) that defendant in error would not have accepted the notes had it not relied upon the representations of plaintiffs

in error that they had turned over all of the company property to Simmons. Thus a material condition upon which the agreement for novation was made was not accomplished, and, this being true, there was no novation and the original debt was not extinguished. Rushing v. Citizens National Bank, 162 S. W., 460 (application for writ of error refused); Hyde & Gleises v. Booraem Company, 16 Pet. 167, 10 L. Ed. 925, 929; 20 R. C. L. p. 369, Sec. 12. In Hyde & Gleises v. Booraem Company, supra, Justice Story said:

"A novation will, indeed, if it be absolute and unconditional, amount to a direct extinguishment of the original debt by substituting the new contract in its place. * * * But no extinguishment is wrought if the arrangement is conditional, and the conditions are not fully complied with."

■ We have given careful consideration to the defense of estoppel urged by plaintiffs in error and are in agreement with the conclusion expressed in the opinion of the Court of Civil Appeals, that the action of plaintiffs in error, in withdrawing from the company assets mineral interests worth more than the amount of the debt owing to defendant in error, renders the plea of estoppel unavailing. The substance of the estoppel pleaded is: that plaintiffs in error upon the dissolution of the company surrendered and delivered to Simmons all of the assets of the company, Simmons agreeing to pay all company debts; that the assets so surrendered to Simmons were more than sufficient in value to pay all of such debts; that they advised defendant in error of all of these facts and that defendant in error told them it would look only to Simmons for payment of its debt; that during the time defendant in error permitted to lapse before filing suit Simmons dissipated the assets so that they are no longer available for the payment of the debt; and that but for the statement and acts of defendant in error, plaintiffs in error would have taken steps for an accounting or receivership for the purpose of having the assets subjected to the payment of all of the indebtedness of the company. Plaintiffs in error are not in a position to invoke estoppel by reason of dissipation of assets, which, according to their representations to defendant in error, were delivered to Simmons for payment of the company's debts, after they have required Simmons to surrender to them part of such assets sufficient in value to have paid the debt due defendant in error. 17 Texas Jur., p. 138, Sec. 10; 10 R. C. L., p. 841, Sec. 146.

The finding of the Court of Civil Appeals that the Cook

royalty was a part of the assets of the company is supported by the evidence, including the testimony of plaintiffs in error. They regarded it as owned by them and Simmons in the same way that they owned interests in wells acquired for the use of casing belonging to the company, and upon the dissolution of the partnership, they required Simmons to give them interests in the royalty and in the wells proportionate to their interests in the company.

The pleadings sufficiently alleged the representations and acts of plaintiffs in error which had the effect of defeating the defenses of novation and estoppel, and the questions of law decided by the Court of Civil Appeals in its disposition of the case were properly presented by assignments of error.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court April 29, 1936.

Rehearing overruled May 27, 1936.