JACK R. ALLEN & COMPANY, Appellant,

v.

FARRIS & COMPANY, Appellee.

No. 16241.

Court of Civil Appeals of Texas.

Dallas.

Oct. 18, 1963.

Rehearing Denied Nov. 15, 1963.

Matthews, Payne, Pace, Sands & Benners, Fred H. Benners, Dallas, for appellant.

McKool & McKool, Dallas, for appellee.

BATEMAN, Justice.

This is a companion case to Jack R. Allen & Company v. Wyler Textiles, Ltd., this day decided by us. We refer to the opinion in that case in Tex.Civ.App., 371 S.W.2d 728, for the basic facts of the litigation. The trial court denied the appellant, herein called Allen, any relief on its

cross-claim against the appellee, herein called Farris; hence, this appeal.

Allen alleged in its cross-claim that on June 6, 1959, the same day it contracted to sell Wyler Textiles, Ltd. 500 bales of cotton of a certain grade, to be delivered in June and July, 1959, it entered into a contract with Farris under which Farris agreed to ship the same quantity and quality of cotton to Wyler in Hong Kong in June and July, 1959; that Farris shipped only 150 bales and after Farris became in default it requested Allen to undertake to obtain an extension of the time for delivery of the remaining 350 bales, which Allen attempted in good faith to do, purely as an accommodation to Farris, by making a new agreement with Wyler whereby the 350 bales could be shipped in August or September; that Allen and Farris then made a new contract dated August 13, 1959 covering the remaining 350 bales; but that if the new contract between Allen and Wyler was held to be unenforceable and Wyler recovered against Allen, then Allen was entitled to recover over against Farris in the same amount.

Farris answered that the agreement of June 6, 1959 was cancelled and replaced by the August 13 contract, with which it was at all times ready, willing and able to comply; that the second contract provided for delivery "prompt upon receipt of letter of credit," and that this letter of credit was never furnished.

The two contracts between Allen and Farris are in evidence before us. The one dated June 6, 1959 obligates Farris to ship 250 bales in June and 250 bales in July, 1959, for which Allen agreed to pay 23.65 cents per pound. The contract of August 13, 1959 confirms the purchase by Allen from Farris of 350 bales at 31.65 cents per pound, but provides for delivery promptly "upon receipt of letter of credit." No more definite time of shipment or delivery is specified. The contract bears this notation: "This purchase cancels and replaces the balance due on our Purchase P–2510 dated 6/6/59 from you." Both contracts contain the following provision:

"This evidences the entire contract between the parties hereto, and all terms, provisions and conditions relating thereto, and supersedes all prior negotiations, agreements and conditions."

Both parties moved for summary judgment. The court denied Allen's motion and granted that of Farris.

The first point of error on appeal is that the court erred in denying Allen's motion for summary judgment because the undisputed facts entitled Allen to judgment as a matter of law. This point is overruled. In the first place, Wyler's judgment against Allen has not become final. While we have this day affirmed it, it is still subject to our consideration of a motion for rehearing which may be filed, also to possible review by the Supreme Court. Moreover, there are fact issues yet to be determined in connection with Allen's cross-claim. In its "supplemental petition" Allen asserts a cause of action against Farris, not only for the amount of any judgment Wyler might obtain, but also for loss of profits and expenses of litigation. The evidence on these matters in the record before us is incomplete and insufficient to form the basis of a summary judgment. There may be other fact issues presented in the trial court which that court may see fit to consider.

Allen's second point of error on appeal is that the court erred in granting Farris' motion for summary judgment, which was apparently done on the theory that, as asserted by Farris, the agreement of August 13 between Farris and Allen constituted a novation which in effect relieved Farris of any liability which may have already accrued and extended the time for delivery of the cotton. Allen contends on several grounds that the agreement is not a novation.

One of these grounds is that there was no consideration for the second agreement in that it did not obligate Farris to do more than he was already bound to do by the first contract. We hold that the second contract was not without consideration. Default had already occurred and Farris could conceivably stand on its breach and pay the resulting damages, if any, with less risk than it would assume under the new contract. In other words, Farris was under no legal duty to make the new commitment, and in doing so suffered a legal detriment, which in itself is sufficient consideration for Allen's new agreement. It must have been considered an actual detriment by Allen, as evidenced by the increase of the price from 23.65 to 31.65 cents per pound. This increase in price provided ample consideration for Farris' new agreement. Therefore, the new contract cannot be said to be invalid for lack of consideration. Dallas Farm Machinery Co. v. Minneapolis-Moline Co., Tex.Civ.App., 324 S.W.2d 578, no wr. hist.; Hughes v. Prewitt, 5 Tex. 264; 17-A C.J.S. Contracts § 394, pp. 474, 475; George v. Union Bank & Trust Co., Tex.Civ.App., 220 S.W.2d 686, no wr. hist.; Masterson v. Bouldin, Tex. Civ.App., 151 S.W.2d 301, err. ref.

Allen's next contention, that the second contract is not a novation because Farris' agreement thereunder is conditional, must be sustained. Whereas the time permitted for shipment of the cotton under the first contract was specifically stated, delivery under the second was conditioned upon receipt of a letter of credit—an event which may never occur.

"An agreement to novate a claim may be expressed conditionally and made to depend on the occurrence or non-occurrence of a certain contingency. Thus, if an agreement intended as a novation does not contemplate its immediate consummation but is dependent on a condition, it may only take effect by the performance of the condition before the debt is extinct, and if it is not so complied with a novation does not result; however, the accomplishment of the condition or contingency will make the agreement operative and binding." 66 C.J.S., Novation § 4 b, pp. 685–686.

Thus, the August 13 contract could novate the June 6 contract only upon performance of the condition, and until such performance the first contract remained in effect. The filing of the suit by Wyler, followed by the filing of Allen's cross-claim against Farris, made it quite clear that no letter of credit would be issued. It necessarily follows that Allen's rights under the June 6 contract were not extinguished. Western Brokerage & Supply Co. v. Reclamation Co., 127 Tex. 386, 93 S.W.2d 393; Moffitt v. Hieby, Tex.Civ.App., 225 S.W.2d 441, reversed on other grounds, Moffitt v. Hieby, 149 Tex. 161, 229 S.W.2d 1005.

We have carefully examined the other reasons given by Allen for denying the efficacy of the August 13 contract as a novation and, finding no merit in any of them, they are overruled.

For its third point Allen says alternatively that, if we conclude that it is mistaken under its first point, the case should be remanded for the determination of fact issues as to whether there was a mutual mistake inducing the August 13 contract and as to the intent of the parties with regard to its constituting a release of Farris' liability for breach of the first contract. As we have already decided that the case should be remanded, it is not necessary for us to pass on this point.

For the reasons hereinabove given, the judgment is reversed and remanded.

Reversed and remanded.