The RIDGLEAWOOD, INC., Appellant,

v.

Joy Walker WHITE, Appellee.

No. 4211.

Court of Civil Appeals of Texas.

Waco.

June 18, 1964.

Spafford, Freedman, Hamlin, Gay & Whitham, Richard S. Geiger, Dallas, for appellant.

Seth W. Barwise, Ft. Worth, for appellee.

WILSON, Justice.

Summary judgment was rendered for defendant, Mrs. White, in appellant landlord's suit for damages to an apartment originally leased to Mrs. White. We affirm.

The petition alleged the terms of a written lease agreement by which appellant rented to Mrs. White its apartment number 9 for a year at a rental of $199 per month. It contained an express covenant that the tenant should "take good care of the premises and suffer no waste," and should reimburse the landlord for damages to the premises. The pleading itemized damages to the apartment existing at the end of the tenancy. Mrs. White's pleading admitted execution of the lease, but averred that the landlord had by another similar agreement contemporaneously leased its apartment number 7 to another tenant, Allan, for $225 per month; that the rental on number 9 was cheaper; that by agreement with the landlord Mrs. White and Allan exchanged apartments; that she never occupied or paid rent on apartment number 9, but at all times occupied and paid rent on number 7. It was alleged that the landlord accepted, acquiesced in and consented to the exchange, and the damage to number 9 was caused by its occupant, Allan; not by appellee. Appellee's affidavit embodied the same matters.

Mrs. White paid the rental on apartment 7 by checks which bore notations that they were for occupancy of that apartment, showing that Allan occupied apartment 9. These checks were accepted and cashed by the landlord. It was admitted by appellant that the damage to apartment 9 was caused by Allan, and not by Mrs. White. Appellant made written demands on Allan for reimbursement; it made no demand on Mrs. White, whose first information of the claim was the institution of suit.

Appellant's manager testified by deposition that the damage to apartment 9 was done by Allan, and "I told the Allans that by the lease they were supposed to replace the carpeting," which was damaged, and "the company expected them to replace the carpet according to the lease"; that the apartment exchange was reported in writing to appellant owner by the manager; that Mrs. White wanted the more expensive apartment, and Allans the less costly; that the rental on apartment 9 was made "cheaper because they were renting two apartments"; that Allan "took over" apartment 9; that appellant "definitely knew" the Allans were occupying it. The manager testified that "when I rent out an apartment I make out three leases, one for the lessor, one for the lessee and I have one"; that after the exchange "no new lease was made out for them on the other apartment", but "I called the owner and told him they had changed apartments and what would he want to do about the leases, and I assumed he took care of it"; and "I called his office and told him that they had exchanged apartments, and I thought he would want to change the records or do whatever necessary." This "part owner" thereafter wrote the apartment manager that "apparently the electric service has not been changed to Mr. Douglas Allan's name. Please ask him to change the billing into his name as of the date he moved in."

■ Appellant says the summary judgment was erroneous because there is a question of fact, which is "whether plaintiff waived all of its rights under the lease agreement." It emphasizes a lease provision that Mrs. White could not assign or sublet without the landlord's written consent, and insists that the liability of Mrs. White is measured by the status of Allan as an assignee or subtenant. It relies on the rule that mere acceptance of rent from an assignee by the landlord does not release the original tenant from the obligations of the lease. That rule is inapplicable to the present facts.

■■ In our opinion the summary judgment was correct because reasonable minds cannot differ as to existence of the essential elements of a novation by virtue of which appellee's liability for the claimed damage

was discharged. A requisite of novation is that parties to the previous contract and the new one agree that the obligations of the new be substituted for and operate as a discharge of the obligations of the first. Chastain v. Cooper & Reed, 152 Tex. 322, 257 S.W.2d 422, 424; Money v. Dameron, 70 S.W.2d 291, 293, writ refused; Cooper Grocery Co. v. Strange, Tex.Com.App., 18 S.W.2d 609. We recognize that the obligee's mere acceptance of the obligation of a third person, without more, is insufficient. Western Brokerage & Supply Co. v. Reclamation Co., 127 Tex. 386, 93 S.W.2d 393; 6 Corbin, Contracts (1962) Sec. 1293; 2 Williston, Contracts (Jaeger, 1963), Sec. 353, p. 816; 61 A.L.R.2d 761; 32 Am.Jur., Sec. 360, p. 314; 52 C.J.S. Landlord and Tenant § 500, p. 283.

The facts before the trial court, however, established an agreement that the reciprocal rights and duties between Allan and the landlord should be substituted for those previously existing between Mrs. White and the landlord. This is what the American Law Institute characterizes as a compound novation of cross rights and duties. Restatement, Contracts, Sec. 430. The landlord intended, under the undisputed facts, to relinquish its rights under the written lease with Mrs. White, and thereby discharge her duties and liabilities thereunder. At the same time Allan both obtained the discharge of his existing obligations under his original written agreement and subjected himself to new ones. All parties acquired new rights, relinquished previous rights, and assumed new duties in satisfaction of and exchange for those which previously existed.

We find nothing in the record which could reasonably form the basis of a conclusion that the landlord did not intend to accept the obligation of Allan as a substitute for that of Mrs. White and to thereby release her from the liability sought to be imposed under the terms of the lease, and we think the facts establish beyond issue that such was the intention of all three parties.

It was not essential, under the evidence, that this agreement be in writing or in express words. Chastain v. Cooper & Reed, 152 Tex. 322, 257 S.W.2d 422, 424; Morrison v. Ins. Co., 69 Tex. 353, 6 S.W. 605, 609; Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 132 S.W.2d 553, 164 S.W.2d 488, 491; Adams v. Candee Oil Corp., Tex.Civ.App., 357 S.W.2d 808, writ ref. n. r. e.; 6 Corbin, Contracts (1962) Sec. 1294, p. 201; 2 Williston, Contracts (Jaeger 1963) Sec. 353, p. 817. Affirmed.