C. R. HARDISON, Appellant,

v.

Keith BEARD et al., Appellees.

No. 17101.

Court of Civil Appeals of Texas.

Dallas.

May 24, 1968.

Rehearing Denied June 21, 1968.

Bruce Youngblood, of Harless, Bailey & Youngblood, Dallas, for appellant.

Joe B. Burnett, of Burnett, Hines & Wood, Dallas, for appellees.

DIXON, Chief Justice.

Appellant C. R. Hardison filed this suit against appellees Wilmer-Hutchins Independent School District and each of the seven members of the District's Board of Trustees. Appellant seeks damages for the alleged breach of a contract of employment, and in the alternative, for breach of each of three earlier contracts of employment.

In their amended answer appellees plead a general denial and specifically that all the contracts except the first are violative of Art. 2781, Vernon's Ann.Civ.St., therefore said contracts are illegal and unenforceable.

Appellees filed a motion for summary judgment. No affidavits or exhibits are attached to this motion. The motion itself recites that "this motion is based upon the pleadings of the petition."

Appellant Hardison also filed a motion for summary judgment. The affidavit of Hardison himself is attached to his motion.

The court overruled appellant's motion and sustained that of appellees. Judgment was accordingly rendered that appellant take nothing by his suit.

## FACTS

The facts are undisputed. Appellant was Superintendent of the School District from July 22, 1964 to June 30, 1967. Four contracts are involved in this controversy:

(1) A contract dated July 22, 1964 for the school years 1964–65, 1965–66 and 1966–67, Hardison's salary to be paid in monthly installments beginning September 30, 1964.

(2) Before the first year of the above contract was completed the parties entered into a new contract whereby Hardison was given an increase in salary. This contract was dated February 9, 1965 and provided that Hardison was to be employed as superintendent for a term of three years beginning September 1, 1965.

(3) On February 8, 1966 the parties entered into a new three-year contract employing Hardison for the school years 1966–1967, 1967–68, and 1968–69 at an increase in salary. This instrument has been lost, but its execution is admitted by all parties.

(4) On January 24, 1967 the parties entered into a fourth contract providing for still another raise in salary for Hardison. This contract was for three years beginning July 1, 1967.

On June 13, 1967 Hardison was notified that the Board considered the last three contracts invalid. Hardison replied that he considered the contracts valid, offered to perform his contractual duties and informed the Board that a refusal by the Board to allow him to perform would be considered a breach of contract. On June 27, 1967 Hardison was notified that he would not be employed subsequent to June 30, 1967.

Until July 1965 appellant was paid the amount of salary called for by the July 1964 contract. In July 1965 he began to receive the salary specified by the February 1965 contract. He continued to be paid on the February 1965 basis until July 1966, when he began to receive the salary provided by the February 1966 contract. Hardison was dismissed from his position before the salary specified in the January 1967 contract was to commence.

Membership on the Board has changed since July 22, 1964 when the first contract was executed. Only one trustee now remains on the Board as the Board was constituted on the above date.

In response to requests for admissions appellees admitted that (1) the Board acted in good faith in executing all four of the contracts involved (2) pursuant to a resolution passed by the Board; and (3) each contract provided for monthly payments of the annual salary.

Appellant admitted (1) execution of all four of the contracts and (2) that the terms of the lost contract dated February 8, 1966 were the same as those of the 1965 contract except for the increase in salary.

In his affidavit attached to his motion for summary judgment appellant swears that he entered into all four contracts in good faith, that he has not been guilty of immoral conduct or disregard of his duties and that no reason for refusing to honor the contracts has ever been given to him by the Board except the alleged illegality of the contracts.

There is no denial by any party of the good faith of the other parties in entering into the contracts.

## OPINION

■ In his first point of error appellant Hardison asserts that the contracts did not violate Art. 2781, V.A.C.S. because a school board can validly hire a superintendent for a term to commence with the next ensuing year. We agree with appellant.

Art. 2781, V.A.C.S. provides that the board of any independent school district may employ a superintendent, principal, teacher or other executive officers for a term not to exceed three years.

It is appellees' contention that the last three of the contracts are invalid because the parties to said contracts were attempting to cover the employment of appellant for the balance of the then current school year plus the three school years beginning thereafter. We do not agree with appellees.

■ We do not believe that it was the intention of the Legislature in enacting Art. 2781, V.A.C.S. to forbid school boards and school superintendents to terminate contracts by mutual agreement during the existence of said contracts; or to forbid school boards to increase the salary of a superintendent by mutual agreement by executing a new contract before an existing contract expires; or that a contract entered into before the commencement of the term of employment is invalid for that reason.

■ We do not believe that it was the intention of the Legislature to deny to independent school districts and their superintendents the rights of contracting parties under the principle of novation. It is true that one of the elements of novation is the extinguishment of the old obligation by the entry into the new agreement. But it is not necessary for the new contract to provide expressly for the extinguishment of the old obligation. The intent to extinguish the old contract may be inferred from the facts, circumstances and conduct of the parties when the new contract is executed. Ridgleawood, Inc. v. White, 380 S.W.2d 766 (Tex.Civ.App., Waco 1964); Chastain v. Cooper & Reed, 152 Tex. 322, 257 S.W.2d 422 (1953); 41 Tex.Jur.2d 558, 564.

■ To hold otherwise than we have held in the foregoing paragraphs would mean that teachers and superintendents would be in a sort of legal straight jacket restraining them from accepting an increase in salary even by mutual agreement during the existence of a contract of employment. It is common knowledge that the costs of living have been steadily rising in recent years and that a compensating increase in salary is often considered justifiable.

To hold otherwise would also mean that school boards could not enter into new contracts by mutual agreement whereby it would re-employ faithful and efficient employees on the same contractual basis used in hiring new teachers and administrators.

We think our holdings find support in the following authorities: Huntsville Ind. School District v. McAdams, 148 Tex. 120, 221 S.W.2d 546 (1949); Smith v. Morton Ind. School District, 85 S.W.2d 853 (Tex. Civ.App., Amarillo 1935, writ dism'd); Miller v. Smiley et al., 65 S.W.2d 417 (Tex. Civ.App., Galveston 1933, writ ref'd); Singleton v. Austin, 27 Tex.Civ.App. 88, 65 S.W. 686 (1901, no writ); Town of Pearsall v. Woolls, 50 S.W. 959 (Tex.Civ. App.1899, no writ); Attorney General's Opinions: No. O-3466 dated May 8, 1941 and No. WW-1240, dated January 15, 1962. Appellant's first point is sustained.

 

In his second point appellant takes the position that each of the contracts was severable, hence were not wholly void. Appellant contends that this is so because appellant's compensation was payable in monthly installments. Therefore the contracts were valid and binding for that portion of the contractual term which did not exceed the statutory maximum, if it were to be said that the full term did exceed the maximum. Again we agree with appellant. Smith v. Morton Ind. School District, 85 S.W.2d 853 (Tex.Civ.App., Amarillo 1935, writ dism'd); Chapman v. Tyler Bank & Trust Co., 396 S.W.2d 143, 147 (Tex.Civ.App., Tyler 1965, writ ref'd n. r. e.); 13 Tex.Jur.2d 283. Appellant's second point is sustained.

The substance of appellant's third point is that the pleadings, admissions and affidavits do not show appellees to be entitled to a judgment as a matter of law. We agree. Appellees' main contention is that the last three of the contracts in question are invalid. Having held to the contrary, we hold that appellees are not entitled to judgment as a matter of law. Appellant's third point is sustained.

In his fourth point appellant takes the position that he was entitled to a partial summary judgment as provided by Rule 166–A, Vernon's Texas Rules of Civil Procedure.

Although we have held that the contracts here involved are valid, contrary to appellees' contention, we shall not reverse and render a partial summary judgment on this appeal. Appellees pleaded mitigation of damages. They allege that appellant has been employed since August 14, 1967 by the Texas Education Agency at an annual salary of $15,000 per year. This sum is less than the salary for which appellant contracted with the Board in the contract dated January 4, 1967 to take effect July 1, 1967. But a fact question is presented in regard to mitigation of damages. However the burden is on the defendant claiming mitigation of damages to

prove his plea. Goedecke, Inc. v. Henderson, 388 S.W.2d 728, 730 (Tex.Civ.App., Amarillo 1965, writ ref'd n. r. e.); 17 Tex. Jur.2d 114. We sustain appellees' second counterpoint.

The judgment of the trial court will be reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.