**ACOUSTICAL SCREENS IN COLOR, INC., Appellant,**

v.

**T. C. LORDON COMPANY, INC., Appellee.**

**No. 18589.**

Court of Civil Appeals of Texas, Dallas.

May 15, 1975.

Rehearing Denied June 12, 1975.

David A. Newsom, Green, Gilmore, Crutcher, Rothpletz & Burke, Dallas, for appellant.

Robert Harms Bliss, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

T. C. Lordon Company, Inc. (hereinafter called "Lordon"), brought this action against W. A. Hoover and Acoustical Screens in Color, Inc. (hereinafter called "Acoustical"), seeking to recover the sum of $25,170, which had been advanced by Lordon to Hoover for the purpose of promoting the company known as Acoustical. Lordon alleged that Hoover had promised to repay all of the money advanced or, in the alternative, that judgment should be rendered for the amount so advanced on the theory of money had and received. Acoustical filed a counterclaim for damages based upon alleged fraud by Lordon. At the conclusion of the testimony, the trial court rendered an instructed verdict and judgment against Hoover in the amount of $4,650. Hoover does not appeal from that judgment. The case was submitted on special issues which were answered by the jury favorable to Acoustical's claim for relief based upon fraud. The trial court sustained Lordon's motion to disregard certain special issues and rendered judgment non obstante veredicto in favor of Lordon and against Acoustical in the sum of $20,500. From this judgment, Acoustical appeals. We affirm.

In its only point on appeal, appellant Acoustical attacks the action of the trial court in rendering judgment non obstante veredicto. It argues that there was sufficient evidence in the record to support the jury's answers to the questions concerning fraud and, therefore, the court should have rendered judgment in its favor for the amount of actual and exemplary damages found by the jury. Appellee contends that the trial court correctly disregarded the answers of the jury to the issues concerning fraud since the record demonstrates, as a

matter of law, that no fraud existed and, therefore, the issues submitted were immaterial. Appellee also argues that the trial court correctly gave it a judgment in the sum of $20,500 for money which, in equity and good conscience, should be returned to it by Acoustical.

Proper resolution of the questions presented requires a review of the material facts. In 1971, Hoover began building office divider screens with high acoustical qualities. He decided to go into the business of manufacturing and marketing this product but did not have sufficient funds to finance the business. In January 1972, he contacted Charles Harding, representative of appellee Lordon, and entered into a series of discussions concerning the possibility of Lordon participating with Hoover in the manufacturing and marketing of screens. As a result of these meetings, Lordon loaned Hoover the total sum of $4,650, which was used to cover Hoover's expenses incurred in developing the screens and in incorporating his business under the name of Acoustical. Acoustical was incorporated in March 1972, and, thereafter, Lordon advanced to Acoustical several checks for operating capital. During the months of May, June and part of August 1972, Harding, acting as representative for Lordon, and Hoover, acting as president and sole shareholder of Acoustical, negotiated an oral agreement by which Lordon would purchase stock in Acoustical from Hoover. This stock purchase agreement was later to be reduced to writing which would set forth the specific terms agreed upon. Hoover testified that he requested each of the checks issued by Lordon, endorsed each check on behalf of Acoustical, and used the proceeds of each check to pay accounts receivable of Acoustical incurred in the manufacture of its product and to meet its payroll. It is undisputed that none of the $20,500 was ever repaid Lordon nor did Lordon receive anything of value in exchange for the money. It is also undisputed that Hoover did not consider the money to be a gift. There was, however, a divergence of views between Hoover and Harding as to the exact terms and provisions of the oral stock purchase agreement.

Harding testified that the original agreement which he made with Hoover was that Lordon would, at a subsequent date, make Hoover an offer concerning the purchase of stock in Acoustical, and that if Hoover did not see fit to accept the offer, then Hoover would repay the money already advanced by Lordon. Harding testified that after a number of advances were made, but prior to the final advance of $12,000, Hoover and Lordon reached the following agreement: Lordon would acquire one hundred percent of Acoustical stock for the consideration of an employment agreement whereby, over a five-year period, Hoover would earn a forty percent interest in the company, if the business accumulated a $150,000 earned surplus during that period.

Hoover testified that Harding made him an offer whereby Lordon was to invest money in Acoustical in exchange for sixty percent of Acoustical stock. Hoover said that he subsequently agreed to the sixty-forty split with the further requirement that he would be left in charge of manufacturing, marketing and sales.

Both Hoover and Harding testified that Lordon would receive stock in consideration for money which it advanced and the only dispute between the parties concerned the terms of the stock purchase agreement. Both testified that this agreement was to be reduced to writing sometime in the future. When Lordon tendered the written agreement, embodying the terms and provisions as stated by Harding, Hoover refused to sign it and contended that such did not contain the terms agreed upon. Thereafter, Lordon demanded that the money previously advanced be repaid and Hoover refused. The refusal precipitated the filing of this suit which Hoover countered with the contention that he had sustained damages because of fraudulent misrepresenta-

tions made by Lordon concerning the division of the shares of stock of the corporation.

The court submitted special issue number six to the jury which read:

> Do you find from a preponderance of the evidence that Lordon represented to Acoustical that Lordon agreed to take ownership of sixty percent of the stock of Acoustical in return for furnishing sufficient sums of money as needed to Acoustical for the payment of Acoustical's operating expense?

To which the jury answered, "We do." In answer to ancillary issues, the jury found that the representation was material; that the same was false; that Lordon knew the representation was false; that Acoustical did not know such representation was false; that the representation was made with intent to induce Acoustical to accept the money paid by Lordon; that Acoustical relied upon such representation when it accepted the money from Lordon; that Acoustical relied upon such representation to its prejudice; that Acoustical suffered damages as a result of such representation; and that such damages were in the amount of $563.03 actual and $5,000 exemplary damages. These answers of the jury were disregarded by the trial court in rendering judgment in favor of Lordon.

 Texas Rules of Civil Procedures, rule 301 is express in its mandate that the judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict. This rule also authorizes the rendition of judgment non obstante veredicto if a directed verdict would have been proper and also provides that the court may upon motion and notice, disregard any special issue finding that has no support in the evidence. Only when the issue is material must the judgment conform to the findings. Thus, a trial court may ignore the answers to immaterial issues and render a judgment based upon the remaining issues.

Massie v. Hutcheson, 270 S.W. 544 (Tex. Comm'n App.1925, jdgmt adopted); T. A. Manning & Sons, Inc. v. Ken-Tex Oil Corp., 418 S.W.2d 324, 325 (Tex.Civ.App.—Austin 1967, writ ref'd n. r. e.), and Teas v. Republic National Bank, 460 S.W.2d 233, 240 (Tex. Civ.App.—Dallas 1970, writ ref'd n. r. e.). A review of this entire record convinces us that appellant Acoustical has completely failed to present any evidence of actionable fraud in support of its defense to appellee's cause of action. A careful analysis of Hoover's testimony makes it apparent that what appellant asserts as constituting fraud on the part of Lordon is nothing more than a promise that in the future a written agreement would be entered into between Hoover and Lordon concerning stock ownership in Acoustical. It is also evident that the terms of such future agreement were disputed. The jury, in answer to special issue number six, resolved the question of the provisions of the future contract in favor of Hoover. This finding, however, does not amount to a finding of actionable fraud on the part of Lordon. If anything, it constitutes the basis of an action for the breach of contract.

 All of the representations alleged by Hoover to constitute fraud concern future events or future promises to perform an event, in this case, to sign a contract. In order for a promise to do something in the future to constitute actionable fraud, it must have been made by the party knowing it was false and with no intention at the time the promise was made to carry out such representation. Stegall v. Lytle, 360 S.W.2d 898, 899 (Tex.Civ.App.—San Antonio 1962, no writ); Underwood v. Williams, 488 S.W.2d 515, 518 (Tex.Civ.App.—Fort Worth 1972, no writ); Precision Motors v. Cornish, 413 S.W.2d 752, 756 (Tex.Civ.App. —Dallas 1967, writ ref'd n. r. e.); Morgan v. Box, 449 S.W.2d 499, 504 (Tex.Civ.App.— Dallas 1969, no writ). Mere failure to perform a promise to do something in the future does not establish that a party had

no intention to perform at the time the promise was made. Texas Employers' Insurance Ass'n v. West, 320 S.W.2d 55, 58 (Tex.Civ.App.—Houston 1959, no writ); Turner v. Biscoe, 141 Tex. 197, 171 S.W.2d 118, 119 (1943); Medina v. Sherrod, 391 S.W.2d 66, 69 (Tex.Civ.App.—San Antonio 1965, no writ). The burden of proof was upon Hoover to produce evidence that Lordon did not intend, at the time the representation was made, to perform the promise to produce a contract in the future which would contain the terms alleged by Hoover. The record demonstrates that Hoover has failed entirely to meet this burden.

■ What has been said concerning appellant's defense of fraud applies with equal force to its contention of equitable estoppel. As a general rule, estoppel cannot be based upon promises to do something in the future, but such promises, if binding at all, must be enforced in an action for breach of contract. Reclamation Co. v. Western Brokerage & Supply Co., 57 S.W.2d 274, 277 (Tex.Civ.App.—Eastland 1932), affirmed, 127 Tex. 386, 93 S.W.2d 393 (1936); 22 Tex.Jur.2d Estoppel §§ 8 and 9 (1961).

■ Since we hold that appellant's defenses of fraud and equitable estoppel have not been established, as a matter of law, and that the trial court was justified in disregarding the jury's answers to the various issues concerning fraud, we turn now to appellee Lordon's cause of action for money had and received. Although an action for money had and received is an action at common law, it is equitable in its nature. Aetna Casualty & Surety Co. v. Corpus Christi National Bank, 186 S.W.2d 840, 842 (Tex.Civ.App.—San Antonio 1944, writ ref'd w. o. m.). In an action for money had and received, the plaintiff need only show that the defendant holds money which in equity and good conscience belongs to plaintiff and should be returned to him. Staats v. Miller, 150 Tex. 581, 243 S.W.2d 686, 687 (1951). In Staats, the supreme court ex-

plained that an action for money had and received is not to be denied or restricted by technicalities and formalities because such an action looks to the abstract justice of the case. It simply inquires whether defendant holds money belonging to the plaintiff. Furthermore, an equitable cause of action for money had and received cannot be denied merely because plaintiff may have other remedies to recover its loss. First National Bank v. Farmers & Merchants State Bank, 417 S.W.2d 317, 331 (Tex.Civ.App.—Tyler 1967, writ ref'd n. r. e.).

■ It is without dispute in this record that Lordon advanced Hoover $20,500 upon which Lordon never received anything of value. It is also uncontested that these funds were not intended as a gift but were part of a possible future agreement concerning the stock ownership in appellant Acoustical. Since the parties were not in agreement concerning the terms of the future agreement and since the same has not materialized, it follows that the equities of the case require the return of Lordon's money by Acoustical.

■ Acoustical contends that Lordon failed to establish an element of his action for money had and received by failing to secure a jury finding that he had "clean hands" when he sought equity from the trial court. We cannot agree with this contention. Since the defenses of fraud and equitable estoppel, as previously demonstrated, are not available to appellant, there is nothing in the record to support the contention of "unclean hands." It was, therefore, unnecessary to submit such an issue to the jury. The record is without dispute that the money being sought by Lordon belongs to Lordon and is being withheld from him by Acoustical. Hoover testified that the only reason that he had not returned the $20,500 to Lordon was because he did not have the money. Equity cannot allow appellant to retain the $20,500 which it admits belongs to Lordon.

For the reasons stated, the trial court correctly disregarded the jury's verdict and rendered judgment for Lordon. Appellant's point of error is overruled and the judgment of the trial court is affirmed.