

# The Attorney General of Texas

October 15, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 East Eleventh Street
Austin, Texas 78701

Opinion No. MW-68

Re: Whether a school board may authorize supplemental compensation.

Dear Commissioner Brockette:

You have requested our opinion concerning the compensation to be paid teachers and other employees of the Fort Worth Independent School District. In the first of your two questions you ask:

> Does article 3, section 53 of the Texas Constitution prohibit a school district from giving a bonus or making salary increases after the commencement of the school and fiscal year and after services for such year have already been rendered by teachers and other employees and their contracts of employment performed at least in part?

Section 53 provides that the legislature

> shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant, or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part. . . .

This section embraces school districts. Harlingen Ind. Sch. Dist. v. Page, 48 S.W.2d 983 (Tex. 1932). It is clear that additional compensation may not be paid for past services rendered. Empire Gas and Fuel Co. v. State, 47 S.W.2d 265 (Tex. 1932); Pierson v. Galveston County, 131 S.W.2d 27 (Tex. Civ. App. — Austin 1939, no writ). Your question raises an issue of your authority to give teachers a salary increase for the remaining portion of a school year for which they are under contract at a lower salary.

The Fort Worth Independent School District has adopted the continuing contract basis for employment of teachers. Educ. Code §§ 13.101 – 13.116.

Under this system, all teachers are to be employed under either a "probationary contract" or a "continuing contract." Educ. Code § 13.101. Teachers under a probationary contract are employed for a fixed term of less than three years as stated in the contract. Educ. Code § 13.102. Teachers under a continuing contract are entitled to continue employment with the school district without annual reappointment unless released for reasons stated in the statute. Educ. Code §§ 13.107, 13.109. All contracts shall be in writing in the form approved by the commissioner of education. Educ. Code § 13.101. We have been furnished with form contracts which provide for an annual salary as authorized by the approved salary schedule of the school district. The district approves the salary schedule in its annual budget which it generally adopts toward the end of August. Educ. Code §§ 23.42 - 23.45. Thus, the teacher agrees to work for each year at the salary annually approved by the district.

Article III, section 53 expressly prohibits the grant of extra compensation after "a contract has been entered into, and performed in whole or in part. . . ." See Devon v. City of San Antonio, 443 S.W.2d 598 (Tex. Civ. App. — Waco 1969, writ ref'd); Shelby County v. Gibson, 44 S.W. 302 (Tex. Civ. App. 1898, writ ref'd). In the absence of additional consideration, the school district may not increase a teacher's annual compensation under the contract once part performance has been rendered. The school board may, however, renegotiate a contract already performed in part where new consideration passes to the district in exchange for new benefits provided. Rhoads Drilling Co. v. Allred, 70 S.W.2d 576 (Tex. 1934); Hardison v. Beard, 430 S.W.2d 53 (Tex. Civ. App. — Dallas 1968, writ ref'd n.r.e.); see Educ. Code § 13.116.

You also ask:

> May a school district make a legally binding commitment for salary increases or supplemental compensation to its employees for future school and fiscal years, at a time when the availability of eligible funds for such years cannot be determined, and notwithstanding the rule which provides that a contract calling for expenditures in excess of current year funds creates a deficiency debt which is beyond the authority of a school district?

It is the law of this state that school districts may not create deficiency debts. Educ. Code § 22.08; National Surety Corp. v. Friendswood Ind. Sch. Dist., 433 S.W.2d 690 (Tex. 1968); Aldine Ind. Sch. Dist. v. Standley, 280 S.W.2d 578, 586 (Tex. 1955); Collier v. Peacock, 54 S.W. 1025 (Tex. 1900). The court in Aldine said:

> It has been held for many years that the trustees of a school district cannot make a contract for the employment of teachers to an amount greater than the school funds belonging to the district that year; and that any debt contracted greater than that would be a violation of law, and constitute no claim against the district. . . .

Id. at 586.

In _Collier_ the court said:

> [T]he trustees were not authorized to contract any debt which would cause a deficiency in the school fund of the district. In other words, they could not contract debts in the employment of teachers to an amount greater than the school fund apportioned to that district for that scholastic year. This limitation upon the power of the trustees in making the contract with the teachers necessarily limits the payment of the debts that might be contracted to the amount of the fund which belonged to the district for that year, and any debt contracted greater than that would be a violation of the law, and constitute no claim against the district.

_Id._ at 1026.

We believe that the board may adopt a policy that salary increases of certain amounts will be made in future years. That action in itself does not obligate any money to be expended. The obligation arises only when employment contracts are executed and the board's policy with regard to the salary increases becomes a part of the employment contract and a legally binding commitment. However, such commitment does not create a deficiency debt any more than entering into a three year teaching contract which covers years for which the availability of funds cannot be determined. The board's obligation to grant pay increases is not fixed. School personnel, even though they are under contract to work, may be released due to the reductions necessary to come within the revenue available for any one school year. Sec. 13.110(6). The proposed salary increases would not be a fixed debt so as to create a deficiency debt. See Charles Scribner's Sons v. Marrs, 262 S.W. 722 (Tex. 1924).

## SUMMARY

> An independent school district may provide for salary increases for teachers and employees for a current school year if it receives additional consideration. It may also adopt a policy to provide additional salary increases for subsequent years; however, the obligation arises only when the contracts are executed.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
and Susan Garrison
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Martha Allen
David B. Brooks
Susan Garrison
William G Reid
Bruce Youngblood