## J. P. LYENDECKER ET AL. v. WM. MARTIN.

1. If a defendant die before service of citation upon him, it is necessary that his administrator be served with citation and copy of the petition. It is error to render judgment upon service of *scire facias* only, in such case.

2. To render a sheriff responsible for not making money on an execution it is necessary to prove that the execution had been placed in his hands, and that while in his hands he had been required to make a levy when it was in his power to do so, and that he had failed to make such levy.

APPEAL from Colorado.   Tried below before the Hon. L. Lindsay.

This was an action brought by appellee, Wm. Martin, against J. P. Lyendecker, a former sheriff of Colorado county, and the sureties on his official bond, Johan Lyendecker and Wm. Frels. It was sought to recover the amount of a judgment, upon which execution had been issued, against one G. W. Taylor, placed in the hands of said sheriff and his deputy, and on which the money was not collected through the fault of the said sheriff in not levying upon property.

The citations had not been served upon the sureties when both died. The administrator of Lyendecker accepted service. A writ of *scire facias* was issued and served upon G. Fehrankamp, administrator of Wm. Frels, deceased.

The administrator of Frels excepted *in limine* to the service upon him as insufficient.

The defenses on the merits were, that he had used due diligence to collect the money, and that Taylor, at the issuance of the writ of execution against him and subsequently thereto, was, and continued, notoriously insolvent.

The exceptions to the service upon the administrator of Frels were overruled, and a verdict and judgment were rendered for the plaintiff and against the sheriff and his sureties.

Appeal by the defendants.

The facts sufficiently appear in the opinion.

*G. W. McCormick*, for appellants.

*Wells Thompson*, for appellee.

OGDEN, J.—The judgment in this case must be reversed for the want of proper service upon the administrator of

William Frels, deceased. It appears that this suit was instituted in the lifetime of Frels, but that no service was had upon him, and after his death a writ of *scire facias* was served upon the administrator, but no copy of the original or amended petition, nor any proper notice of the cause of action.

The administrator appeared *in limine* and excepted to the service. We think his exceptions should have been sustained. Had service been perfected upon Frels during his lifetime, then *scire facias* upon his administrator would have been all the law requires, but without service upon Frels, the administrator was entitled to full service under the provisions of the law. This appears to have been the view of the law entertained by counsel for appellee, since in his petition for a *scire facias* to the administrator he prays for service of the original and amended petitions.

Under the facts of this case the administrator was entitled to as full notice of the action and cause of action as his intestate would have been if living, and not having received such notice, he was not bound to defend the same. The case of Boone v. Roberts, 1 Texas, 151, is not applicable to the facts of this case, as service was performed on Boon during his lifetime.

In the case of Walton v. Compton *et al.*, 28 Texas, 573, it is said that in order to make a sheriff and his sureties liable on his official bond for failing to make the money on an execution in his hands, it is necessary for the plaintiff to establish by proof that the execution in his favor was received by the sheriff in time to make the money, and that while in his hands he was required to make a levy by virtue of it, at a time when it was in his power to do so, and further, that he failed to make such levy.

In this case there is no proof of a demand upon the sheriff or his deputy to make a levy at any time. On the

contrary, the sheriff proves that he often requested the plaintiff in the execution to point out property for him to levy upon. It would appear from the testimony of the deputy sheriff that there was some property of the defendants in the execution which might have been levied upon but for the interference of the sheriff; and if the money, or a portion thereof, was not made, when there was property accessible upon which it was the duty of the sheriff to have made a levy, then he and his securities are responsible for the whole debt. (Paschal's Digest, Art. 3796.)

The court correctly refused to give the charge asked by the defendant below. The question of the statutory exemption was not properly before the court, and the jury should not have been misled by irrelevant issues.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.