### E. DICK SLAUGHTER v. KIRK HALL.

Decided December 31, 1910.

**1.—Contract—Novation.**

In order to constitute it a novation, a compromise agreement must fully discharge the original contract. A compromise agreement to accept less than a certain per cent of insurance premiums named in an original contract, provided said percentage was promptly paid as the premiums were collected, would not

be binding on the promissor unless the percentage was in fact promptly paid; and the original contract would remain in force.

### 2.—Trial—Amendment of Pleading—Practice.

The amendment of pleadings after the trial has begun is not a matter of right, but is confided to the sound discretion of the trial judge in order that justice might be done; and the ruling of the judge in such case will not be reversed in the absence of evidence that his discretion had been abused.

Appeal from the County Court of Dallas County at Law. Tried below before Hon. W. M. Holland.

*Harry P. Lawther,* for appellant.

*Charles A. Rosbury,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—On November 13, 1906, appellant and appellee were both engaged in the insurance business in the city of Dallas. Appellant' was a member of the firm of Nabors & Slaughter; appellee of the firm of Baird & Hall. This suit was instituted by appellee Hall, as successor of the firm of Baird & Hall, against appellant Slaughter, successor of Nabors & Slaughter, for commissions claimed to be due him. It was alleged that on the date above named, the firm of Baird & Hall entered into an agreement with the firm of Nabors & Slaughter whereby, for any liability insurance placed by Baird & Hall with Nabors & Slaughter, the latter were to pay to the former twenty per cent of the gross premiums for which said insurance was written as long as any policy so written was in force.

The petition charged that certain premiums had been paid on a liability policy issued by the Aetna Life Insurance Company, represented by appellant, to parties who had been brought to appellant by appellee, and a recovery of twenty per cent of said amount was prayed for. It was further alleged "that on or about January 23, 1908, because of the refusal of the defendant to pay plaintiff the portion of the premium due under the policy at said time, it became necessary to file suit therefor and said suit was in fact filed in the County Court of Dallas County at Law, seeking a recovery of the amount due at that date, but after the filing of said suit and before a trial of the issues involved therein a compromise was effected between plaintiff and defendant by which plaintiff agreed, in consideration that defendant would from and after said date and said compromise promptly pay the plaintiff his portion of the premium as it accrued upon said policy, to reduce the amount of said premium due plaintiff from twenty per cent of the gross amount thereof to sixteen and one-half per cent, and which the defendant expressly agreed to do. Plaintiff avers that at the time of said settlement and compromise all premiums due to February 26, 1908, were paid, and that since said settlement there has been paid to the defendant the sum of $2424.77 by Fred A. Jones & Company, as premiums upon the policy secured by plaintiff, and of which amount the plaintiff is entitled to $484.95, being twenty per cent thereof, but that to pay the same or any

part thereof the defendant has wholly failed and refused and still fails and refuses to plaintiff's damage as aforesaid."

Appellant answered with a general demurrer, general denial, a counter-claim of $275.38, and, specially, that the premium of $2052.26 claimed to have been paid was paid on a policy issued to a party not brought to appellant by appellee, and with whom appellee had naught to do, and that same was a business obtained directly by appellant from the insured.

A general demurrer to the petition was overruled, and this ruling is assigned as error. The contention is made that the compromise agreement of the former suit set out in the petition was in substitution of the original contract, and operated as a novation of the same. We do not agree to this contention. In order to constitute a novation of the original contract the compromise agreement must have fully discharged the same. 1 Pars. on Con'sts., bottom pp. 239-24-241 (9th ed.); Caswell v. Fellows, 110 Mass., 52; Scott v. Atchison, 36 Texas, 78; Scott v. Atchison, 38 Texas, 289. This it did not do. The original contract remained in full force; but the percentage which the plaintiff, Hall, was to get was reduced from twenty per cent to sixteen and one-half per cent of the total commission, provided Slaughter paid the same to Hall as collected by him. Neither the pleadings nor evidence showed a novation of the original contract. The petition alleged a good cause of action as tested by a general demurrer.

After the overruling of his general demurrer, the defendant asked leave to file a trial amendment containing a special demurrer, in substance, that it appeared from plaintiff's pleadings that the cause of action against defendant was for sixteen and one-half per cent of $2424.77 instead of twenty per cent of that amount. This request was denied by the court and such refusal is assigned as error. There was no error in this ruling. The statute provides that the pleadings may be amended before the parties announce ready for trial "and not thereafter." Sayles' Civ. Stats., art. 1188. Under this statute the defendant was not, as a matter of right, entitled to amend his pleadings.

It is contended in the third assignment that the court erred in permitting the plaintiff, during the trial of the cause, and while the evidence was being introduced, and after having sustained the defendant's objection to proof offered by the plaintiff tending to show payment of the several items set out in the defendant's counter-claim, to file a supplemental petition pleading payment of the said items. This contention is not sustained. As stated, the statute provides that pleadings may be amended before the parties announce ready for trial "and not thereafter." It is held that this is a general rule, but that it is in the power of the court to allow such amendment after that time as might become necessary to attain the ends of justice. Parker v. Spencer, 61 Texas, 164; Whitehead v. Foley, 28 Texas, 10. We think it was within the sound discretion of the trial judge to permit the filing of the amendment. The defendant did not claim surprise or ask that the trial be postponed or the cause continued. It is not made to appear that there

was any abuse of the discretion of the court in permitting the filing of the amendment.

The judgment is affirmed.

*Affirmed.*