**INTERNATIONAL & G. N. RY. CO. v. PENNEY.**    (No. 5466.)

(Court of Civil Appeals of Texas. Austin. April 14, 1915.)

1. APPEAL AND ERROR ☞930 — VERDICT — FINDINGS IN AID OF VERDICT.

Upon defendant's appeal, facts not found by the jury will, when authorized by plaintiff's evidence, be found in aid of the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3755–3761; Dec. Dig. ☞930.]

2. CARRIERS ☞134 — CARRIAGE OF GOODS — LOSS—ACT OF GOD.

In an action for the loss of a shipment of two car loads of household goods, evidence that the flood which destroyed the shipment, while the greatest within more than a quarter of a century, was not the greatest in the history of the stream, justified a finding that the flood in question was not such an unprecedented and extraordinary flood that defendant railroad was not required to anticipate and guard against it.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 588–592, 607; Dec. Dig. ☞134.]

3. APPEAL AND ERROR ☞1050 — HARMLESS ERROR — EVIDENCE — CARRIAGE OF GOODS — NEGLIGENCE.

In an action against a carrier for the loss of a shipment of household goods by flood, the admission of evidence that defendant's agents, on the day before and on the day of the loss, knew from telephone messages, reports in the daily papers, telegrams posted up by a postmaster, and as a matter of common knowledge in the vicinity, that the flood situation was critical and that the river might overflow and endanger property, was not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ☞1050.]

4. CARRIERS ☞133—EVIDENCE—FLOOD.

In such action, evidence for plaintiff, that according to the history of the stream the flood in question was not unprecedented, was admissible.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 583–587, 606; Dec. Dig. ☞133.]

Appeal from District Court, Robertson County; J. C. Scott, Judge.

Action by G. W. Penney against the International & Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Perry & Woods, of Franklin, Doremus, Butler & Henderson, of Bryan, and Wilson, Dabney & King, of Houston, for appellant. Lane, Johnson & Killough, of Hearne, for appellee.

KEY, C. J. Appellee sued appellant for damages resulting from the loss of a shipment of two car loads of freight, consisting of household goods, live stock, and chickens. The substance of appellant's defense was that the property referred to was destroyed by what is sometimes denominated in the books an act of God, alleged in this case to have consisted of an extraordinary and unprecedented flood in the Brazos river, by

---

which the property was destroyed; appellant alleging that the flood was of such magnitude that it could not reasonably have been anticipated and guarded against. There was a jury trial, which resulted in a verdict and judgment for appellee for $3,500, and appellant is prosecuting this appeal. The case was submitted to a jury upon a charge by no means unfavorable to appellant, and no complaint is urged against it. Appellant requested two special charges which were not given, and error is assigned on account of their refusal; but we overrule those assignments and hold that each of the requested instructions was properly refused.

[1] Appellee submitted testimony which authorized the jury to find, and therefore in support of the verdict this court finds, that appellee delivered to appellant at Nile station on appellant's road the property described in his petition, under a contract of shipment by which appellant bound and obligated itself to transport the property from that station to Goodland, another station on its road; that the property was never transported all the way to Goodland, but the two cars containing the property were by appellant's employés in charge of the train placed upon a side track at Valley Junction, which side track was considerably lower than appellant's other tracks at that place. This occurred on December 3, 1913, and before daylight the next morning the Brazos river, which had been rising for several days, overflowed its banks and destroyed the plaintiff's property, and therefore appellant never delivered the property to appellee.

[2] The testimony will support findings, and we therefore find that, while the flood referred to was perhaps the greatest that had occurred in more than a quarter of a century, it was not the greatest in the history of the stream, because there was testimony tending to show that a greater flood occurred about the year 1852. Hence we hold that the jury was justified in finding that the flood in question was not such an unprecedented and extraordinary flood as that appellant was not required to anticipate and guard against it. We also hold that the verdict of the jury is supported upon the theory that appellant was guilty of negligence in side-tracking and leaving the two cars containing appellee's property at the place where they were left, and that the proof sustains the amount of damages awarded by the verdict.

[3] Nearly all of the complaints urged in appellant's voluminous brief are addressed to rulings of the trial court as to certain testimony presented by the plaintiff and held to be admissible by the court. For instance, the court permitted appellee to prove by a number of witnesses, who were not appellant's agents nor in any wise connected with its business, that on the 2d and 3d days of December they were apprised of the fact that the river was likely to overflow; some of

them ascertaining it from telephone messages received from Waco and other points, and some from reports in the daily papers, some from telegraphic messages received and posted up by the postmaster at Hearne, and some witnesses stated, in effect, that it was a matter of common knowledge in the vicinity referred to that the flood situation was critical, and that the river might overflow and endanger both life and property. Appellant objected to all of such testimony as being hearsay and not competent for the purpose of showing that it had notice of the approaching flood. Counsel for appellee contend that the testimony referred to was admissible: (1) Because it tended to refute that portion of appellant's answer in which it alleged that the flood "was sudden, unexpected, unforeseen, unheralded, and the said overflow and flood waters came without the slightest suspicion—sudden and without warning to the people and inhabitants of the lands adjacent to Valley Junction on the line of appellant's road, as well as to appellant." (2) That the flood in question, which extended from the headwaters of the Brazos river to the Gulf of Mexico, was an event which so vitally affected the general public as that it was permissible to show by the character of testimony referred to that the approach of the flood was a matter of common knowledge. (3) That the flood was one of such magnitude as that courts would take judicial knowledge of it, and therefore no harm could result from proving it by hearsay testimony. (4) That, the warnings contained in the hearsay testimony referred to having been communicated to appellant's agent at Valley Junction, the testimony complained of was admissible. And (5) that, appellant having elicited similar testimony from some of its own witnesses, it is precluded from complaint. We hold that some, and perhaps all, of the reasons assigned by counsel for appellee are a sufficient answer to appellant's contention that the case should be reversed on account of the admission of the testimony referred to.

[4] We also overrule appellant's objections urged against certain testimony introduced by appellee for the purpose of showing that, according to the history of that stream, the flood in question was not unprecedented. In that respect, as well as in some others, the case is somewhat similar to Atchison, T. & S. F. Ry. Co. v. Madden Sykes & Co., 46 Tex. Civ. App. 597, 103 S. W. 1193, decided by the Ft. Worth Court of Civil Appeals, and in which it was held that it was competent to prove the history of a stream by hearsay testimony.

There are some other assignments, complaining of the admission of other testimony, all of which have been duly considered; but, as the objections are not regarded as tenable, those assignments are overruled.

No reversible error has been pointed out, and the judgment is affirmed.

Affirmed.