MISSOURI, K. & T. RY. CO. OF TEXAS v. STEARNES. (No. 5589.)*

(Court of Civil Appeals of Texas. Austin. Feb. 16, 1916. Rehearing Denied April 19, 1916.)

1. WATERS AND WATER COURSES ☞171(2)—INJURIES BY FLOWAGE—FLOODS.

A railroad is liable for flooding lands, though extraordinary and unprecedented floods concur with the road's negligence in the construction and maintenance of its embankment in causing the damage.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 218; Dec. Dig. ☞171(2).]

2. APPEAL AND ERROR ☞1010(1) — REVIEW —QUESTIONS OF FACT.

Questions of fact on which the trial court found against appellant with support in the testimony are determined for purposes of an appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3981; Dec. Dig. ☞1010(1).]

3. EVIDENCE ☞324(1)—HEARSAY—PAST HISTORY OF RIVER.

In an action against a railroad for damage to plaintiff's land from floods caused by embankments retarding flood waters of a river, hearsay testimony concerning former floods reputed to have been greater than those involved in the case was admissible to show the past history of the stream.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1218, 1221–1229; Dec. Dig. ☞324(1).]

Appeal from District Court, Williamson County; C. A. Wilcox, Judge.

Suit by A. C. Stearnes against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Wilcox & Graves, of Georgetown, for appellant. O. E. Roberts, of Taylor, for appellee.

KEY, C. J. The nature and result of this suit is stated as follows in appellant's brief:

"This suit was filed by the appellee against the appellant in the district court of Williamson county, Tex., on May 20, 1914, for damages aggregating $3,194.02 for injuries alleged to have been received by him from the overflow of his farm residence, gin, and other property adjoining and lying west of the track of appellant where it crosses the San Gabriel river and Pecan creek, about five miles north of Taylor, in said county, such damage being alleged to have occurred by reason of the fact that appellant had built certain embankments on each side of and between said two streams, which embankment caused the flood waters to be retarded and held back so that appellee's said property was overflowed both on October 2, 1913, and December 2, 1913. Appellee at the time of the trial filed a trial amendment, reducing the amount claimed on some of the items, leaving the total amount then sued for $3,086.62.

"Appellant answered, denying generally and specifically the allegations of appellee's pleadings, and further pleaded that its roadbed and embankments and the openings therein had been skillfully and scientifically built, so as to provide against the highest water of said streams, and that it had constructed and provided all necessary culverts and openings for the discharge of water, and, further, that the floods mentioned in appellee's petition were extraordinary and unprecedented, and that any damage suffered by appellee was by reason of such extraordinary and unprecedented floods, and that appellant was not liable therefor.

"Appellee filed supplemental petition denying the allegations of fact in appellant's answer, and alleging that, if such floods were extraordinary and unprecedented, appellant's negligence concurred with such floods and caused the damage. Appellant filed a supplemental answer excepting to the allegations contained in such supplemental petition.

"The case was tried before the court without a jury and judgment rendered for appellee for $2,140. Appellant in due time filed its motion for a new trial, which was amended, which amended motion was by the court overruled, and appellant gave notice of appeal."

[1] As presented in this court the appeal involves but four questions, which are: (1) That the trial court erred in not sustaining a special exception to that portion of appellee's supplemental petition alleging that, if the flood waters were extraordinary and unprecedented, appellant's negligence in the construction and maintenance of the embankment concurred with the extraordinary and unprecedented floods in causing the damage, and therefore appellant was liable; (2) that the floods in question were so extraordinary and unprecedented as to constitute an act of God which appellant was not required to anticipate and guard against; (3) that the undisputed proof shows that the embankments complained of by appellee had nothing whatever to do with causing the flood waters to flow upon and damage appellee's property; and (4) that error was committed in permitting a witness to give hearsay testimony concerning former floods reputed to have been greater than those involved in this case. We decide against appellant on all of these questions. The ruling as to the special exception is sustained by Railway Co. v. Boyce, 39 Tex. Civ. App. 195, 87 S. W. 395, and Railway Co. v. Jenkins, 89 S. W. 1106.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Application for writ of error pending in Supreme Court.

[2] The second and third points involve questions of fact, upon which the trial court found against appellant, and we cannot say that the findings referred to are without support in the testimony.

[3] The fourth point is decided against appellant upon the theory that the testimony referred to, though hearsay in its nature, was admissible for the purpose of showing the past history of the stream. Ry. Co. v. Penney, 178 S. W. 970; Ry. Co. v. Madden, Sykes & Co., 46 Tex. Civ. App. 597, 103 S. W. 1193.

No reversible error has been shown and the judgment is affirmed.

Affirmed.

---

⊙⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes