**J. M. CROM et al., Appellants,**

v.

**COUNTY of CAMERON, Texas, Appellee.**

No. 13254.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 12, 1958.

Rehearing Denied March 12, 1958.

Ewers, Cox & Toothaker, Charles Elick, McAllen, for appellants.

Kelley, Looney, McLean & Littleton, Corwin C. Connell, Edinburg, for appellee.

BARROW, Justice.

This is a condemnation case involving the up-river end or inlet into a flood channel which is a part of the Flood Control Works being constructed in the Lower Rio Grande Valley by the United States through the International Water and Boundary Commission. The specific portion is known as the Mission Inlet, right-of-way for which was being acquired by Cameron County, as condemner, which easement upon acquisition will be assigned to the Government. On appeal from the Commissioners' award, the case was tried to a jury in the County Court at Law, and judgment was entered upon the verdict awarding appellants $15,281.15. The condemnees have prosecuted this appeal.

It is proposed as a part of a larger flood control project, to construct on the Rio Grande River, south of the City of Mission, the Anzalduas Dam, the purpose of which is to hold, impound and divert flood waters in said river. The purpose of the dam is to prevent the flood water from going down the river and hold and raise the level of the water so that it will rise high enough to escape through the Mission inlet. Mexico is to construct a canal to divert its part of the water. The United States Government proposes to construct a levy along the river on its side, with an opening called the Mission Inlet, near the Crom land which is above the Anzalduas Dam. The flood water passing through this inlet will flow over the Crom land and into the main floodway below the Crom land.

The land over which an easement is sought is described by metes and bounds. The easement sought is a perpetual right for the flood water to pass over the land. The condemner also seeks the right to grade and level the land on the contour and to clear out all trees, brush and other obstructions which would impede the flow of the water. The easement also provides that it is to be exclusive of any rights of the owner of said land to plant or build, or cause to be planted or built, any trees or structures of any kind whatsoever, that will or can materially obstruct or impede the free flow of water or unduly interfere with the purposes of the Flood Control Project.

At the beginning of the trial, and after appellants' plea in abatement and special exceptions had been overruled by the court, appellants filed an admission under Rule 266, Texas Rules of Civil Procedure, as follows:

"Come Now the Defendants in the above styled and numbered cause, and pursuant to the provisions of Rule 266 of the Texas Rules of Civil Procedure, admit that Cameron County, Texas, condemnor, has the right by eminent domain to condemn the premises de-

scribed in its petition for its alleged purposes; that it has taken all the steps required to condemn the 258.47 acres for right-of-way and flowage easement and that the only issue to be tried is the question of the value of the land and the amount of damages to which the Defendants are entitled resulting from the taking of such land in these condemnation proceedings; that the burden of proof of such damages is on Defendants, and Defendants request the Court to protect them in the right to open and close, as provided by said Rule."

By appellants' first point they complain that the trial court erred in overruling their plea in abatement. The plea is based upon the allegation that there was another suit in the District Court of Hidalgo County in which a judgment was rendered denying the right of appellee to condemn the identical land sought to be condemned in this suit. We do not have these proceedings before us in the record in this cause and are unable to pass upon the merits of the plea. However, by filing their admission in this cause, expressly admitting that appellee has the right to condemn the land, appellants have waived any right to urge said plea.

By Points Nos. 2, 3, 4 and 5, appellants complain of the trial court's action in overruling their special exceptions to plaintiff's petition.

■ In their first special exception appellants complain that they were not given notice of the working height of the dam at which it is proposed to raise the back water and thereby inundate their land, and that there are no specific allegations of the probability of inundation of the land.

In the second exception they complain of the allegation that the county will remove and clear trees, brush "and other obstructions."

In the third exception they complain that the easement is to be exclusive of their right to plant or build "any tree, or structure of any kind whatsoever, that will or can materially obstruct or impede the free flow of water * * *." The basis of appellants' second and third exceptions is that they are not apprised of what is meant by the term "other obstructions."

In their fourth special exception appellants complain of the allegations of the petition and particularly with reference to the uncompleted "Portions of Project Sections Numbers One, Eight and Nine." The basis of this exception is that they are not apprised of what remains to be done to complete the project nor how their rights will be affected thereby.

The record shows that long prior to the trial appellants were furnished maps, plats, estimates and figures on the project, that these maps and plats showed the respective distances and elevations of the entire area from the dam up to, over and beyond appellants' land, and included contours of appellants' land, showing the elevation with respect to the surrounding land. The record further shows that these instruments were studied by appellant J. M. Crom, a civil engineer, who acted for appellants, and who had conferences with engineers in charge of the project, and that said project was fully gone over and explained from the standpoint of plaintiff.

As to the allegation of "other obstructions" complained of, it would be impracticable, if not impossible, for appellee to name and set out every obstruction that appellants might decide to place on the land. We think under the circumstances the pleading affords fair notice, as provided for by Rules 45 and 47, T.R.C.P.

By Point No. 6, appellants complain that the court erred in permitting appellee's witness to testify that, since the construction and operation of Falcon Dam, only limited flooding of appellants' land would occur, the objection being that appellants were charged with benefits common to everyone.

By Point No. 7, appellants complain that the court erred in admitting in evidence, over their objection, plaintiff's Exhibit No. 3.

■■■ Both of these points have reference to the introduction of plaintiff's Exhibit No. 3, and the testimony of the witness Heath with reference thereto. We think the testimony of the witness was admissible, because the Falcon Dam had been constructed and in operation long prior to the filing of this proceeding, and it was a proper item for consideration. Just how often and to what extent appellants' property would be inundated with the Falcon Dam in operation, and the conditions which existed when this project was commenced were proper matters for consideration in arriving at damages. It certainly would not have been proper for the jury to consider the frequency of flooding as conditions existed prior to the installation of the Falcon Dam. The relevant question being: Just how often and to what extent will the land be flooded as conditions now are? Moreover, the careful trial judge in his charge instructed the jury, in considering benefits, to exclude any benefits which were received in common with the community generally and not peculiar to appellants and not connected with their ownership. As to the admission of plaintiff's Exhibit No. 3, we observe that the objection made to this evidence was that it was "incompetent and inadmissible." This amounts to a general objection and cannot be considered. Mc-Cormick & Ray, Law of Evidence, 2d Ed., p. 24. The exhibit is a chart showing the average frequency of overflow of the Rio Grande over a long period of years. It is well settled that evidence of the history of flooding of rivers is an exception to the "hearsay" rule. Missouri, K. & T. Ry. Co. of Texas v. Stearnes, Tex.Civ.App., 185 S.W. 646; Atchison, T. & S. F. Ry. Co. v. Madden, Sykes & Co., 46 Tex.Civ.App. 597, 103 S.W. 1193. Appellants' sixth and seventh points are overruled.

We have examined appellants' Point No. 8, and find it without merit. By their Points Nos. 9, 10, 11, 12 and 13, appellants contend that the court should not have submitted issues one, two, three and four to the jury on the basis of value of the entire tract of land, but should have submitted each of these issues on the per acre basis. This contention is without merit. The court submitted the issues in the approved form. State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 201.

By Points Nos. 14 to 19, inclusive, appellants contend that the court should have disregarded the jury's findings as to the value of the lands both before and after the easement is severed; that the court should have made findings of his own on these issues, or rendered judgment notwithstanding the verdict on issues three and four, and, in any event, should have granted a new trial because the jury's findings on issues three and four are not supported by, but are contrary to the evidence.

■■■ We have examined the record and find, that while the evidence is conflicting there is evidence to support each of the jury's findings. It is only where a directed verdict would have been proper may the court render judgment notwithstanding the verdict, and it is only where special issue jury findings have no support in the evidence that they can be disregarded. Rule 301, T.R.C.P. In passing on motion for judgment notwithstanding the verdict, this Court is governed by test whether there has been introduced any testimony of such probative force as to raise an issue of fact and, if so, motion must be denied. Self v. Becker, Tex.Civ.App., 195 S.W.2d 701; Womack v. Womack, Tex.Civ.App., 218 S.W.2d 1007; Lee v. Grupe, Tex.Civ. App., 223 S.W.2d 548; Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194. Appellants' Points Nos. 14 to 19, inclusive, are overruled.

Appellants' Point No. 20 is without merit and is overruled.

The judgment is affirmed.