Howard M. SIEGLER, M. D., Appellant,

v.

TELCO LEASING, INC., Appellee.

No. 17564.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 17, 1980.

Rehearing Denied Feb. 21, 1980.

Butler, Binion, Rice, Cook & Knapp, William N. Blanton, III, Houston, for appellant.

Lapin, Totz & Mayer, William A. Petersen, Jr., Houston, for appellee.

WARREN, Justice.

This is an appeal from a judgment which awarded damages to Telco Leasing for Dr. Siegler's breach of an equipment rental agreement.

In five points of error appellant claims the trial court erred in excluding evidence pertaining to his defense of novation. The sole question on appeal is whether the exclusion of this evidence was reversible error.

Appellant agreed in writing to lease 15 items of medical laboratory equipment from appellee for a period of sixty months at a monthly rate of $328.00. Shortly after the agreement was made, appellant discovered that the difficulty in obtaining trained personnel would preclude him from maintaining a small, private or semiprivate medical laboratory. He then began negotiating with appellee and Scientific Products, the original vendor of the equipment, to terminate the lease. As a result of these negotiations, the most expensive piece of equipment and eight other pieces were resold to Scientific Products for $9,000.00. Other items were purchased by appellant, and appellant agreed to pay appellee a certain sum derived by using a stated formula, which sum represented a lease "buy out" figure.

On August 14, 1974, an invoice and letter from appellee to appellant indicated that the amount of $1858.00 was owed for equipment bought by appellant and $1810.00 was owed on the "buy out." On December 4, 1974, appellant paid $2430.00 on this account. Thereafter, he received an amended invoice dated December 19, which decreased the cost of equipment bought by appellant to $1288.00 but increased the "buy out" price to $2095.00. This was due to one item (a fibrometer) being returned to Scientific Products rather than being retained by appellant. The dispute arose over the amount of credit appellant was to receive under the "buy out" for the last item returned to Scientific Products.

In February of 1975 appellee wrote appellant demanding the sum of $953.00 and stated that if this was not paid by February 17, the agreement would be negated and they would proceed to collect the balance due under the lease. Appellant refused to pay, appellee filed suit, and a judgment was rendered against appellant for $7,728.00 plus attorney's fees of $2,576.00.

When evidence of the events pertaining to the resale of some of the equipment to Scientific Products, the purchase of some of the equipment by appellant, and the "buy out" figures was offered by appellant, appellee objected on the ground that this evidence related to settlement negotiations and was not admissible. These objections were sustained.

Appellant contends that the exclusion of this evidence prevented him from presenting his only defense to the suit and probably resulted in the rendition of an improper judgment. We hold that the evidence should have been admitted so that the jury could decide whether there was a novation.

■ Compromise and novation are closely akin. Each involves the substitution of a new agreement for an old one. The new agreement under a compromise and settlement pertains to the ultimate severance of the former relationship; whereas a novation ordinarily contemplates the creation and substitution of new obligations and relationships. The term "novation" is frequently applied to transactions in which a substitution of obligations is effected as a result of a compromise and settlement. *Slaughter v. Hall*, 63 Tex.Civ.App. 473, 133 S.W. 496 (1910).

■ To constitute novation of an original contract, an agreement made thereunder must have fully extinguished the same. In *Slaughter v. Hall, supra*, the court held that where a dispute or agreement was compromised and settled by reducing future commissions of referrals of insurance business from 20 to 16½—there was no novation because the original contract remained in

force with a reduction of amount the referer was to receive.

The essential elements of a novation are: (1) a previous, valid obligation, (2) an agreement of the parties to a new contract, (3) the extinguishment of the old contract and, (4) the validity of the new contract. *Money v. Dameron*, 70 S.W.2d 291 (Tex.Civ. App.—Amarillo 1933, err ref'd).

The evidence presented on the bills of exception creates fact issues as to whether a new agreement was made and, if so, whether the parties intended to replace the obligations contained in the old contract with those contained in the new.

Ordinarily, offers of compromise are not admissible, unless the compromise is completed. *Brannam v. Texas Employers' Ins. Ass'n,* 151 Tex. 210, 248 S.W.2d 118 (1952); 31A C.J.S. Evidence § 290 (1964).

The evidence offered on the bill of exceptions shows that with the agreement of the parties, portions of the equipment were resold to Scientific Products, that the appellant was to purchase certain items for a stated amount, and that appellant was to pay a figure based upon an agreed formula to "buy out" the lease.

Appellee contends that the transactions could be consistent with a compromise and settlement or with the lessor exercising certain rights under the lease as opposed to a novation. This is correct and therein lies the fact issue which should have been submitted to the jury. Appellee also alleges that since the appellant had not complied with the new alleged agreements by failing to pay the amounts due thereunder, the substituted agreement is inconsistent with his contention that there was a novation. In support of this contention appellee cites *Western Brokerage & Supply Co. v. Reclamation Co.,* 127 Tex. 386, 93 S.W.2d 393 (1936). In that case the court held as a matter of law the novation was a conditional one and since one of the conditions precedent was breached, the novation never came into being.

In our case the parties agreed to certain transactions inconsistent with the original agreement and the appellee rendered an account stated on August 14, 1974. Appellee agrees the payment of that account as stated would have extinguished any obligation of appellant to appellee. The evidence is such that we cannot hold as a matter of law that the transactions and agreements leading up to the rendering of the account stated were merely settlement negotiations or amounted to a conditional novation. Whether there was a novation or whether the agreements and transactions amounted to a conditional novation are proper issues for the jury to decide.

The judgment is reversed and the cause is remanded.

PEDEN and EVANS, JJ., also sitting.