John Anthony (Tony)
TALAMAS, Appellant,

v.

BRESSI INTERNATIONAL, Appellee.

No. 04–86–00114–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 25, 1987.

Rehearing Denied March 30, 1987.

James H. Robichaux, Corpus Christi, Francisco J. Saldana, Jr., Laredo, for appellant.

C.M. Zaffirini, Laredo, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

## OPINION

CHAPA, Justice.

This case involved a summary judgment granted to Bressi International against John Anthony (Tony) Talamas in the sum of $149,683.06.

Appellee, Bressi International (Bressi), is a Texas Limited Partnership. Appellant, John Anthony (Tony) Talamas, is a general partner of Casa Massari, a Texas General Partnership. Bressi is the owner and hold-er of three checks issued by Casa Massari and signed by John Talamas in the total sum of $149,683.06. The John Talamas who signed the checks was not the appellant but was a partner of Casa Massari. The checks were presented to the bank for payment and returned marked "Insufficient Funds." Negotiations between the parties herein regarding the checks resulted in Tony Talamas agreeing in a written memorandum dated March 24, 1985 to guarantee payment of any amount not paid by the bank. No amount was paid by the bank and suit and counter suit followed alleging several claims and counter claims. On January 28, 1986, summary judgment in the amount of $149,683.06 was granted Bressi, and all other claims and counter claims were severed and assigned another cause number. Motion for New Trial was denied by the court and Tony Talamas has perfected his appeal asserting the trial court erred in granting summary judgment against him.

TEX.R.CIV.P. 166–A places the burden on the movant, Bressi International, to prove there exists no material fact issue and that they are entitled to judgment as a matter of law. *Mays v. Foremost Insurance Co.*, 627 S.W.2d 230, 233 (Tex.App.—San Antonio 1981, no writ). The standard of review in a summary judgment appeal requires the reviewing court to disregard all conflicts within the evidence and accept as true the proof which tends to support the position of the party opposing the motion. *Farley v. Prudential Insurance Co.*, 480 S.W.2d 176, 178 (Tex.1972). A summary judgment should be affirmed only if the record establishes a right to the summary judgment as a matter of law. *Clutts v. Southern Methodist University*, 626 S.W.2d 334, 335 (Tex.App.—Tyler 1981, writ ref'd n.r.e.).

In points of error numbers one, two, three and four, appellant contends the summary judgment evidence failed to prove that the amount, if any, owing Bressi remained unpaid. A review of the summary judgment evidence discloses that Bressi is the owner and holder of the three checks totaling $149,683.06, which were presented

to the bank for payment and returned with the notation "Insufficient Funds." We hold that the summary judgment evidence sufficiently establishes the $149,683.06 remains unpaid. Points of error one, two, three and four are overruled.

In points of error five and six, appellant asserts the affirmative defense of accord and satisfaction.

Once the movant establishes his right to summary judgment as a matter of law, to defeat a summary judgment, the non-movant must expressly present to the trial court any reasons seeking to avoid movant's entitlement, such as those set out in TEX.R.CIV.P. 94 (Affirmative Defenses), and he must present summary judgment proof when necessary to establish a fact issue. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). Where such affirmative defense has more than one element, then a fact issue must be raised on each element necessary to such defense. *Hagar v. Texas Distributors, Inc.*, 560 S.W.2d 773 (Tex. Civ.App.—Tyler 1977, writ ref'd n.r.e.); *Kain v. Neuhaus*, 515 S.W.2d 45 (Tex.Civ. App.—Corpus Christi 1974, no writ).

The burden here was upon Talamas to raise a fact issue on each and every element of accord and satisfaction. His affirmative defense was based upon a *new contract,* expressed or implied, in which the parties agreed to the discharge of the existing obligation. *Jenkins v. Henry C. Beck Company*, 449 S.W.2d 454 (Tex.1969); *Industrial Life Insurance Co. v. Finley*, 382 S.W.2d 100 (Tex.1964). However, Talamas has failed to present summary judgment evidence to raise a fact issue of an agreement of the parties to the discharge of the existing obligation. Point of error five and six are overruled.

In points of error seven and eight, Talamas asserts the affirmative defense of novation.

The essential elements of a novation are: (1) a previous, valid obligation; (2) an agreement of the parties to a new contract; (3) the extinguishment of the old contract or obligation; and (4) the validity of the new contract. *Siegler v. Telco Leasing, Inc.*, 593 S.W.2d 850 (Tex.Civ.App.— Houston [1st Dist.] 1980, no writ). The new contract alleged by Talamas consists of an undated hand written memorandum signed only by Talamas, which is simply a guarantee to pay any amount not paid by the bank on the three checks. Indeed, the above described hand written memorandum in fact reaffirms the previous obligation arising from the three checks. Talamas' other controverting evidence likewise failed to raise a fact issue of an agreement of the parties to extinguish the existing obligation. Points of error seven and eight are overruled.

In points of error nine, ten, eleven, and twelve, Talamas asserts the affirmative defense of interference and denial of reasonable time to perform by Bressi, which are premised on the findings of accord and satisfaction and/or novation. These defenses also cannot defeat the summary judgment because of the failure of Talamas to raise the fact issue of an agreement by the parties to discharge or extinguish the existing obligation. Points of error nine, ten, eleven and twelve are overruled.

The judgment of the trial court is affirmed.