Joyner v. Snyder 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-239-CV





CHARLES A. JOYNER, JR.,



 APPELLANT


vs.





SHERI LYNN SNYDER,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY,


 

NO. 1593, HONORABLE TIMOTHY G. MARESH, JUDGE



 




 This is a contract action for collection of child support. The dispositive issue on
appeal is whether a 1987 agreed order constituted a novation of the parties' 1982 agreement
executed at the time of their divorce. We hold that it did not, and we affirm the trial court
judgment.

 Charles Joyner, Jr., and Sheri Lynn Snyder were divorced on April 28, 1982. The
trial court named Snyder managing conservator of the couple's two children and named Joyner
their possessory conservator. The parties entered into an Agreement Incident to Divorce ("the
Agreement") in which Joyner contractually agreed to pay Snyder "child support in the amount of
$600 per month . . . until the youngest child reaches the age of 20 years." The Agreement recited
that the child support provisions are a binding contract and that none of the terms could be waived
except in a writing signed by both parties. 

 At the time of the divorce, a court was authorized to order the payment of child
support only until the child's eighteenth birthday. See 1983 Tex. Gen. Laws, ch. 402, § 5, at
2175 (Tex. Fam. Code Ann. § 14.05, since amended). Accordingly, the divorce decree
incorporated the parties' contractual agreement but only ordered Joyner to pay child support of
$600 per month "until the youngest child reaches the age of eighteen years or is otherwise
emancipated."

 In 1985, the Texas Family Code was amended to permit a trial court to order child
support to continue past the child's eighteenth birthday and until graduation from high school,
provided the child is enrolled in an accredited program leading toward a high school diploma. 
Tex. Fam. Code Ann. § 14.05 (1986). Snyder filed a motion to modify the child support terms
in the original decree. By order dated May 4, 1987, entitled Agreed Order on Motion to Modify
In Suit Affecting The Parent-Child Relationship ("the Agreed Order"), the trial court ordered
Joyner to pay child support until the youngest child's graduation from high school, which was
after the child's eighteenth birthday. Thereafter, Joyner ceased paying child support when the
youngest child graduated, rather than continuing to pay until the child attained age twenty as
required by the contract.

 Snyder filed this suit seeking damages for default and anticipatory breach of the
parties' contractual agreement, in order to collect child support for the youngest child from the
time of her graduation until she reached age twenty. Joyner moved for summary judgment,
arguing that the Agreed Order modified not only the court-ordered child support but also the terms
of the parties' contract, thus relieving him of further liability for support. After a non-jury trial
at which Joyner presented no evidence, the trial court rendered judgment in favor of Snyder.

 Joyner appeals raising six points of error. Joyner's success on appeal depends upon
this court's finding that the 1987 agreed order was a novation or modification of the parties' 1982
agreement. Otherwise, Joyner is bound by his 1982 contract and Snyder is entitled to judgment.

 Joyner complains in his third point that the court erred by not granting his motion
for summary judgment. Denial of a motion for summary judgment is not appealable. Novak v.
Stevens, 596 S.W.2d 848, 849 (Tex. 1980). Joyner complains in his second point that the trial
court erred by not making certain findings. Although under the evidence the findings could be
implied in support of the judgment, these findings were not requested and failure to so find cannot
constitute error on appeal. See Tex. R. Civ. P. Ann. 298 (1977); Kincaid v. Gulf Oil Corp., 675
S.W.2d 250, 255 (Tex. App. 1984, writ ref'd n.r.e.); City of Corpus Christi v. Davis, 575
S.W.2d 46, 51 (Tex. Civ. App. 1978, no writ). We, therefore, overrule appellant's second and
third points of error.

 Joyner complains in his first point that the trial court erred by concluding the
parties' agreement was never modified or amended. The contract provided that its terms could
not be waived except in writing signed by both parties. We note first that parties' attorneys
approved the "agreed" order. However, Joyner did not sign it, and Snyder signed it as to form
only. Further, Joyner did not plead novation as an affirmative defense, although he relied upon
it as the basis for his summary judgment motion. Even assuming Joyner has preserved his defense
of novation, which we do not decide, his remaining points of error all are overruled, and the
judgment of the trial court is affirmed.

 There are four essential elements to a novation: 1) a valid obligation; 2) a mutual
agreement of all parties to acceptance of a new contract; 3) a substitution of the new contract for
the old; and 4) a valid new agreement. MBank El Paso Nat'l Ass'n v. Featherlite Corp., 792
S.W.2d 472 (Tex. App. 1990, writ denied); Talamas v. Bressi Int'l, 727 S.W.2d 72 (Tex. App.
1987, writ ref'd n.r.e.). The second and third elements require that both parties intend the new
contract to be a novation of the old one.

 The trial court found that Snyder "did not intend or agree to modify in any manner
the contractual obligation to pay child support contained within the earlier Agreement Incident to
Divorce." Joyner does not challenge this finding on appeal, and he is bound thereby. See City
of Corpus Christi, 575 S.W.2d at 51; Tex. St. Bd. of Pharmacy v. Gibson's Discount Ctr, Inc.,
541 S.W.2d 884, 886 (Tex. Civ. App. 1976, writ ref'd n.r.e.). Further, the evidence supports
this finding. Snyder and the attorney who represented her in the modification proceeding both
testified that she sought the modification in order to conform the divorce decree with the 1985
amendment to section 14.05 of the Family Code. At that time the couple's oldest child was almost
eighteen years of age but was only a junior in high school. Snyder testified that Joyner had
threatened to cease payment of half the child support when this oldest child reached eighteen even
though neither the divorce decree nor the contractual agreement provided for a reduction of child
support. Because the parties' agreement was enforceable only in an action for breach of contract,
Snyder sought modification of the court decree in order to be able to enforce collection of child
support by contempt for a longer period of time.

 Based upon its finding, the court correctly concluded that the Agreement "has not
been modified, amended, or in any way impaired by the parties since its execution." Accordingly,
despite the fact that Joyner has performed his obligations under the divorce decree, he is still
contractually bound to perform under his agreement and his failure to do so is enforceable in a
breach of contract action. See Hill v. Hill, 819 S.W.2d 570, 571 (Tex. App. 1991, writ denied);
Ruhe v. Rowland, 706 S.W.2d 709 (Tex. App. 1986, no writ); Lee v. Lee, 509 S.W.2d 922 (Tex.
Civ. App. 1974, writ ref'd n.r.e.).

 The judgment of the trial court is affirmed.



 

 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed:   March 4, 1992

[Do Not Publish]